FILED
CLERK, U.S. DISTRICT COURT

FEB 1 3 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DISTRICT

| | |
|---|---|
| LLEWELLYN KANAKAMAIKAI WAILEHUA, JR., et al., ) | Case No. CV 06-5090-ODW (JWJ) |
| Petitioners, ) | **MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| Respondents. ) | |

## I.  BACKGROUND

On August 14, 2006, petitioners Llewellyn K. Wailehua Jr., Herman G. Lemusu, Scott Reis-Moniz and Henri Markov, federal prisoners proceeding pro se and on behalf of "all inmates past, present or future," filed in this Court a document captioned "Application for Habeas Corpus Relief, under the Constitutions of the United States and the California Republic, Section 95, for the Unlawful Interpretation and Application of Title 18 of the United States Code Section 3621(b) and Title 42 of the United States Code, Section 14135a(d) by those Colored under the Law and Presumed to Know the Law" (hereinafter "Petition"), wherein petitioners challenged the Department of

1   Justice and Federal Bureau of Prisons' regulations that "limit intervenor's [sic]

2   and petitioner's [sic] placement in community confinement to the lesser of ten

3   percent of the inmates total sentence or six months[, and] DNA testing."[1]

4   (Petition, p. 1.)  Specifically, it appeared that petitioners were challenging: (1)

5   the  constitutionality of 18 U.S.C. § 3621(b), which requires consideration of

6   five factors by the Federal Bureau of Prisons in making placement and transfer

7   determinations; and (2) the constitutionality of 42 U.S.C. § 14135a(d), which

8   involves mandatory DNA testing.  (Id. at 2.)

9        On February 21, 2007, this Court dismissed the Petition with leave to

10  amend.  The Court explained that petitioner could not file a habeas petition on

11  behalf of other pro se petitioners.  (2/21/07 Order, pp. 2-4.)  On July 11, 2007,

12  a First Amended Petition was filed in this action.  The First Amended Petition

13  was signed by petitioners Wailehua and Lemusa.   On September 21, 2007,

14  petitioners filed a Supplement to the First Amended Petition (hereinafter

15  "Supplement"), along with an attachment titled "First Amended Complaint"

16  (hereinafter "Supplement Attachment").  The Supplement Attachment was

17  signed only by Herman Gafatasi Lemusa, Timothy Robles and Llewellyn-

18  Kanakamaikai Wailehua Jr., but includes petitioners Brent-Edwin Smith,

19  Henry Markov and Scot Reis-Moniz in the action. (Supplement Attachment,

20  pp. 1-2, 5.)  This Court has screened the Petition pursuant to 28 U.S.C. §

21  2243, the Federal Rules of Civil Procedure, and the Local Rules for the Central

22  District of California.  For the reasons discussed below, the Petition must be

23  _____

24      [1] On August 14, 2006, petitioners also filed an "Affidavit in Support of Request
25  for Temporary Restraining Order and Preliminary Injunction," which the Court denied
    without prejudice for failure to provide adequate notice and failure to comply with Local
26  Rule 65-1.  (9/13/06 Order, pp. 2-4.)  On October 2, 2006, petitioners filed an
    "Application for a Temporary Restraining Order, Proposed Temporary Restraining Order
27  and/or Order to Show Cause Why a Preliminary Injunction Should Not Issue," which
28  was denied by the Court on November 3, 2006.

1  dismissed without prejudice.

2

3  ## II. DISCUSSION

4  **A.      Representation**

5           Although a petition for writ of habeas corpus may be jointly filed under

6  certain circumstances, see Adderly v. Wainwright, 58 F.R.D. 389, 401 (M.D.

7  Fla. 1972), all petitioners proceeding pro se must individually sign the Petition.

8  See Local Rule 3.1, Central District of California.  Furthermore, a pro se

9  petitioner may not delegate his or her representation to another pro se

10 petitioner.  While a non-attorney may represent himself in a lawsuit, he or she

11 has no authority to appear as an attorney for others.  See Johns v. County of

12 San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] parent or guardian may

13 not bring an action on behalf of a minor child without retaining a lawyer."); see

14 also Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S. Ct. 716,

15 121 L. Ed. 2d 656 (1993) (unincorporated association must appear through

16 counsel); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.

17 1987) (dismissing complaint signed only by non-lawyer trustee); Church of the

18 New Testament v. United States, 783 F.3d 771, 772 (9th Cir. 1987) (church

19 must appear through a licensed attorney).

20          The instant Petition bears only three signatures:  Herman Gafatasi

21 Lemusa, Timothy Robles and Llewellyn-Kanakamaikai Wailehua Jr.

22 (Supplement Attachment, p. 5.)  However, the First Amended Petition

23 identifies three additional petitioners.  (Id. at 2-3.)  As petitioners may not

24 delegate their representation, petitioners Brent-Edwin Smith, Henry Markov

25 and Scot Reis-Moniz must be dismissed from this action without prejudice.[2]

26

27          [2] This Court notes that petitioners were given notice of this requirement when the
28 Court dismissed the original Petition.

- 3 -

**B.    Frivolous Petition**

Under 28 U.S.C. § 2243, it is the duty of this Court to screen out frivolous habeas corpus applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  See Rules Governing Section 2254 Cases, Rule 4, Advisory Committee Notes, 1976 Adoption (citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)).  A district court must enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court.  Rules Governing Section 2254 Cases, Rule 4; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

A petition lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. See Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).  A court may also dismiss as frivolous petitions reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind.  See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  Yet, it must be kept in mind that pro se pleadings must be liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

Here the claims presented by petitioners are unintelligible. Specifically, the First Amended Petition states the following:

Whether under Title 18, 21 Sections 801-960 and 28 of the United States Code Annotated were never "Enacted," by the 80th Congress on June 25, 1948 nor the 91st Congress in session or assembled on October 27, 1970, required to enact any Acts of Congress, dated June 25, 1948 and an Act Styled:  The Controlled Substances Act, codified at Sections 801-960 of Title 21 of the United States Code Annotated.  Further, said unenacted sections were never

- 4 -

promulgated in the Federal Register, nor same being implemented in the Code of Federal Regulations. Therefore, under Title 44 of the United States Code Annotated, Section 1505 and Title 18 of the United States Code Annotated, Section 4001, inapplicable in criminal proceedings 1:99 CR-00552 DAE, 1:02-CR-00130-001 HG, and civil actions appealing said, 1:06-CV-00066 DAE, 1:06-CV-00422 DAE, Ninth Circuit Court Appeals, #05-10662, #06-80145, #06-17196, #06-17197, #06-17198, are positive law applicable and to American White State Citizens in a United States District Court for the District of Hawaii when said state citizen demanded a District Court of the United States for the Hawaiian Republic, California Republic and the Arizona Republic, not to be confused with United States Citizenship?

Whether Title 42 of the United States Code Annotated, Section 14135a(d) was ever promulgated in the Federal Register or same being implemented in the Code of Federal Regulations, in order to have applicability on the parties? And if not was their damages when enforced by the Federal Bureau of Prisons employees by force of arms and threats?

Whether Title 18 of the United States Code Annotated, Section 3621(b) is or has been used by the United States Office of the Attorney General and the Federal Bureau of Prisons when making transfers of inmates from the year 1998 to current year and if not how much damage and injury was done to the parties for disregard of the law concerning transfer of petitioner.

(Supplement Attachment [entitled "First Amended Complaint"], pp. 2-3.)

Furthermore, petitioners state no facts in support of their claims. Rather, petitioners include "excerpts" from the "certified congressional record verifying

1  that the 80th Congress was never in session or assembled on June 25, 1948, in
2  order to enact any act of Congress so dated"and "the certified congressional
3  record verifying that the 91st Congress was never assembled or in session
4  required to enact any act of Congress styled: The Controlled Substances Act of
5  October 27, 1970."  (Supplement Attachment, pp. 6-7.)  Construing the
6  Petition liberally, the Court is unable to discern any factual or legal basis for
7  petitioner's claims and it therefore appears that petitioner is not entitled to
8  relief in the district court.  Accordingly, the Petition is summarily dismissed.
9

10                                **ORDER**
11       For all of the foregoing reasons, **IT IS HEREBY ORDERED** as follows:
12       The First Amended Petition for Writ of Habeas Corpus is **dismissed**
13  **without prejudice**.
14

15  DATED: 2-7-08

16

17

18                                   OTIS D. WRIGHT
19                                   United States District Judge

20  Presented by:
21  DATED: January 25, 2008
22

23

24

25  JEFFREY W. JOHNSON
     United States Magistrate Judge
26

27

28